# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-458

**BEVERLY BLAKE**

**VERSUS**

**AMERICAS INSURANCE COMPANY, INC. AND LOUISIANA INSURANCE GUARANTY ASSOCIATION**

\*\*\*\*\*\*\*\*\*\*

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 274,599
HONORABLE DAVID MICHAEL WILLIAMS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, Jonathan W. Perry, Sharon Darville Wilson, and Gary J. Ortego, Judges.

## WRIT GRANTED AND MADE PEREMPTORY; REVERSED; AND RENDERED.

**Ortego, J.**, dissents and assigns written reasons.

H. Minor Pipes, III
Dawn Danna Marullo
Mathilde V. Semmes
Luke M. Donovan
Pipes Miles Beckman, LLC
1100 Poydras Street, Suite 3300
New Orleans, LA 70163
(504) 332-7070
COUNSEL FOR DEFENDANT/RELATOR:
    Louisiana Insurance Guaranty Association

Mark F. Vilar
Aaron L. Green
Jonathan A. Cobb
Faircloth, Melton, Bash & Green, LLC
105 Yorktown Drive
Alexandria, LA 71303
(318) 619-7755
COUNSEL FOR PLAINTIFF/RESPONDENT:
    Beverly Blake

**KYZAR, Judge.**

Defendant-Relator, Louisiana Insurance Guaranty Association ("LIGA"), seeks supervisory review of the trial court's denial of summary judgment on the issue of whether the claims asserted by Plaintiff-Respondent, Beverly Blake ("Plaintiff"), qualified as covered claims under La.R.S. 22:2058(A)(1)(c)(i). For the reasons assigned, we grant the writ, reverse, and render judgment.

## FACTS AND PROCEDURAL HISTORY

This case arises out of damage sustained to property owned by Plaintiff as a result of Hurricanes Laura and Delta in 2020. Plaintiff's property, located in Pineville, Louisiana, was insured by Americas Insurance Company ("AIC"), a domestic insurance corporation.

On June 23, 2022, the Nineteenth Judicial District Court issued an Order of Liquidation and Finding of Insolvency ("the Order"), which declared AIC insolvent "and that further efforts to rehabilitate [it] would be futile and would result in loss" to its policyholders and creditors. Pursuant to the Order, "[a]ll insurance policies issued by AIC in the State of Louisiana . . . were extinguished as a matter of law[.]" Additionally, the liquidator was ordered to "notify every holder of a certificate of coverage or contract of insurance issued by AIC[]" and "to notify persons who may have claims against AIC[.]" The notice (first emphasis ours) provided by the Liquidator was to direct any potential claimants:

> [T]o present and file with the Receiver completed proofs of claim in the form required by this Order, at a place specified in the notice, *on or before 4:30 p.m. CDT on a date that is no later than four (4) months after the Order of Liquidation is signed*, as set by the Receiver in the notice. Said notice by the Liquidator shall specify the deadline, no later than four (4) months from the date of the Order of Liquidation, to be the last day by which a proof of claim may be received by the Receiver for purposes of participating in any distribution of assets that may be

made on timely filed claims that are allowed in these proceedings ("**Claim-filing Deadline**")[.]

The Order further provides:

[T]hat the Liquidator is authorized to coordinate the operation of the Receivership with the Louisiana Insurance Guaranty Association and, in the Liquidator's discretion, to enter into such contracts with the Louisiana Insurance Guaranty Association or any applicable guaranty association as may be required to effectuate the liquidation of AIC[.]

. . . .

. . . [T]hat all individuals and entities are enjoined from instituting or taking further action in any suit or proceeding, and from pursuing, obtaining or executing a judgment, against AIC . . . the Commissioner [of Insurance] in his capacity as Liquidator of AIC . . . and/or the Receiver except with the concurrence of the Liquidator or Receiver or until further written order of this Court.

On August 26, 2022, after the declaration of insolvency, Plaintiff filed suit against AIC seeking general and special damages based on breach of contract as well as statutory penalties and attorney fees based on the breach of its statutory duty of good faith and fair dealing under La.R.S. 22:1973.[1] The petition requested service on AIC through its registered agent, the Louisiana Secretary of State, which was served on November 3, 2022. The petition was received by AIC on November 7, 2022, and by LIGA on November 8, 2022. On November 7, 2022, Plaintiff amended and supplemented her original petition to add LIGA as a defendant. The petition requested service on LIGA through its registered agent, Deidre Arceneaux.

Thereafter, LIGA filed a motion for summary judgment as to Plaintiff's hurricane claims, arguing that neither claim was a "covered claim" that it was

---

[1] Louisiana Revised Statutes 22:1793 was repealed by 2024 La. Acts No. 3, § 2. However, "a good deal of its substance was moved into a revised R.S. 22:1892 to create a single penalty statute." 15 WILLIAM SHELBY MCKENZIE & H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE § 11:1 (4th ed. 2012, Supp. Nov. 2025).

2

required to pay under La.R.S. 22:2058(A)(1)(c)(i).[2] In support of its motion, LIGA attached Plaintiff's original petition; her first amended and supplemental petition; the Order; and the affidavit of Ms. Arceneaux, LIGA's Claims Manager.

Plaintiff opposed Defendant's motion, arguing that her claims were timely filed pursuant to the terms of AIC's insurance policy and La.R.S. 22:868(B),[3] both of which provide a two-year period from the date of loss to file claims. She further argued that this two-year prescriptive period could not be reduced by the Order's directive setting a filing deadline of October 23, 2023, which was four months from the date of AIC's insolvency. Thus, she claimed that she had two years from the date AIC was declared insolvent to file her claims against LIGA as that was the date her claims against it arose. In support of her opposition, Plaintiff attached copies of her original and first amended and supplemental petitions and her affidavit.

Following a July 1, 2025 hearing, the trial court orally denied LIGA's motion for summary judgment. A written judgment was rendered on July 18, 2025. It is from this judgment that LIGA seeks review.

On application for supervisory writs, LIGA raises one assignment of error:

Because Plaintiff provided no evidence establishing that she timely reported her claim to LIGA or that LIGA received notice of the claim by the October 23, 2022 claim filing deadline, she failed to show she has a covered claim for which LIGA is responsible, and the trial court therefore erred in denying LIGA's Motion for Summary Judgment.

---

[2] LIGA also filed a peremptory exception of prescription, arguing that Plaintiff's Hurricane Laura claim was prescribed on its face, which the trial court denied. However, we need not address that issue as it is not pertinent to the issue under review.

[3] Louisiana Revised Statutes 22:868(B) provides that "[n]o insurance contract delivered or issued for delivery in this state . . . shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of loss when the claim is a first-party claim[.]" This provision only applies to certain types of insurance, including homeowners insurance. *See* La.R.S. 22:47(15).

3

Pursuant to La.Code Civ.P. art. 966(H), we initially granted Defendant's writ application to allow for additional briefing and oral argument if desired by the parties. *Blake v. Americas Ins. Co., Inc,* 25-458 (La.App. 3 Cir. 12/3/25) (unpublished writ ruling). Although LIGA filed a supplemental memorandum, neither party requested oral argument. Thus, we now address the merits of the claim.

**OPINION**

Appellate courts review summary judgments de novo under the same criteria that governs the trial court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.,* 591 So.2d 342 (La.1991). The burden of proving that summary judgment is proper rests with the mover. La.Code Civ.P. art. 966(D)(1). "[S]ummary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). If the mover will not bear the burden of proof at trial, rather than negating "all essential elements of the adverse party's claim," it is only required "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim[.]" La.Code Civ.P. art. 966(D)(1). If the mover is successful in doing so, the burden shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

> Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole issue remaining is the conclusion to be drawn from the relevant facts. [*Kumpe v. State,* 97-386 (La.App. 3 Cir. 97), 701 So.2d 498, *writ denied,* 98-50 (La. 3/13/98), 712 So.2d 882)]. If the mover's supporting documentation is sufficient to establish that no genuine issue of material fact exists, the burden of proving the existence of a genuine

4

issue of material fact shifts to the nonmoving party. To satisfy her burden of proof, the nonmoving party must not rely on the mere allegations or denials of her pleadings, but her response must set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967.

*Reed obo Cope v. Black Star Energy Servs., LLC*, 23-148, p. 5 (La.App. 3 Cir. 11/22/23), 374 So.3d 419, 422.

Louisiana's statutory scheme for liquidating insolvent insurers is set out in the Rehabilitation, Liquidation, Conservation Act ("the RLCA") in Chapter 9 of the Louisiana Insurance Code. La.R.S. 22:2001–2045. In *Donelon v. Americas Insurance Co.*, 24-422 (La.App. 1 Cir. 12/20/24), 404 So.3d 930, which involved the same insurer at issue here, the first circuit thoroughly reviewed the RLCA and the public policy considerations underpinning that act.

Regarding the policy considerations behind the RLCA, the first circuit noted that "[i]nsurance is monitored and regulated by the Louisiana Department of Insurance and its Commissioner[,]" and that "[o]ne of the Commissioner's primary objectives is to protect policyholders." *Id.* at 940 (citing La.R.S. 22:2(A)(1); *Donelon v. Shilling*, 19-514 (La. 4/27/20), 340 So.3d 786). It noted that the RLCA provides "the statutory scheme for regulating insolvent insurers while protecting the interests of the policyholders, creditors, and the public generally[]" as well as the "'vital interest'" Louisiana has "in the liquidation of insolvent insurance companies which operate in the State.'" *Id.* (quoting *Brown v. ANA Ins. Grp.*, 07-2116, p. 8 (La. 10/14/08), 994 So.2d 1265, 1270).

Regarding the RLCA's statutory scheme, the first circuit stated:

> Louisiana's scheme for liquidating insolvent domestic insurers under the RLCA is very similar to proceedings in bankruptcy. **Crist v. Benton Casing Service**, 572 So.2d 99, 100 (La. App. 1 Cir. 1990), <u>writ denied</u>, 573 So.2d 1143 (La. 1991). The [RLCA] is "comprehensive and exclusive in scope" and balances the interest of policyholders, creditors, and claimants while ensuring the "orderly adjudication of

5

claims" and an equitable distribution of the insurer's assets. **Donelon v. Shilling**, 340 So.3d at 794-95; **Brown v. Associated Insurance Consultants, Inc.**, 97-1396, 97-1397, 97-1398 (La. App. 1 Cir. 6/29/98), 714 So.2d 939, 942. Under the RLCA, efforts are made first to help an insurance company regain its financial footing, which is known as rehabilitation. See La. R.S. 22:2005. If it is determined that the insurance company cannot be rehabilitated, the company is declared insolvent, and the Commissioner will ask the district court to order the liquidation of the company. La. R.S. 22:2008.

Once liquidation is ordered, the district court directs the Commissioner to take possession of the property, business, and affairs of the insurer and to liquidate it. The Commissioner is vested with title to all property, contracts, and rights of action of the insurer as of the date of the order directing liquidation. La. R.S. 22:2008(A); **Brown v. ANA Insurance Group**, 994 So.2d at 1271-72. With court approval, the Commissioner may appoint a Receiver to carry out the duties of the liquidator, such as marshalling the assets of the insurer. La. R.S. 22:2017; **Crist v. Benton Casing Service**, 572 So.2d at 101-02. As Liquidator, the Commissioner is the proper party to sue to enforce any right of a domestic insurer in liquidation. La. C.C.P. art. 693.

The RLCA sets forth a proof-of-claim process that strictly governs the rights of creditors to claim the assets of insolvent insurers. Louisiana Revised Statutes 22:2027 provides for the filing of claims; La. R.S. 22:2025-2026 sets forth the priority of claims and setoffs; and La. R.S. 22:2028 governs the procedure for adjudicating claims. Without a proof-of-claim process and a priority scheme for paying claims, an insolvent insurer would be quickly overwhelmed with lawsuits as creditors raced to obtain judgments against the estate. This proof-of-claim process ensures the orderly administration and liquidation of the estate, the conservation of assets available to pay claims, and the fair distribution of assets to creditors with allowed claims.

The RLCA also provides safeguards to preserve the assets of the estate and the fair distribution of assets according to the priority scheme. For example, the district court may issue an injunction to prevent interference with the receivership proceeding or the Commissioner's possession, control, rights, title, and interest in the assets of the estate; the wasting of assets; and creditors from obtaining preferences and judgment against the estate or its assets. La. R.S. 22:2006. The Liquidator also has broad power to avoid preferences amongst creditors. See La. R.S. 22:2020-2023. Pertinent here, the RLCA expressly prohibits actions at law or equity brought against the insurer. Louisiana Revised Statutes 22:2028(D)(5) provides: "[u]pon the issuance of an order appointing a receiver of a domestic insurer or of an alien insurer, no action at law or equity shall be brought against the insurer, its insureds, or the receiver, whether in this state or

6

elsewhere, nor shall any such existing actions be maintained or further presented after issuance of such an order."

*Id.* at 940–41 (second alteration in original).

Specific to the case at issue, once an insurer is declared insolvent under La.R.S. 22:2008, La.R.S. 22:2027(A) provides that "the commissioner of insurance shall notify all persons who may have claims against such insurer and who have not filed proper proofs thereof, to present the same to him, at a place specified in such notice, within four months from the date of the entry of such order," unless a longer time is certified as necessary by the commissioner. The commission's notice must also specify "[t]he last day for the filing of proofs of claims[.]" La.R.S. 22:2027(A).

Under La.R.S. 22:2028(A), a "proof of claim" is "a statement under oath, in writing, signed by the claimant, setting forth the claim, the consideration therefor," and "whether any, and if so, what payments have been made thereon, and that the sum claimed is justly owing from the insurer to the claimant."

In her affidavit, Ms. Arceneaux stated that pursuant to the June 23, 2022 Order, AIC "was declared insolvent and placed into liquidation" and that "all claims 'against AIC, its property or assets' must be filed 'in the form required by this Order on or before 4:30 p.m. CDT on October 23, 2022[.]'" She further stated:

> LIGA is the statutory obligor for certain claims asserted against policies of insurance issued by AIC in the State of Louisiana to the extent that the asserted damages constitute a "covered claim" as that term is defined. LIGA's powers, duties, rights and responsibilities are set forth in the LIGA Law – La. R.S. 22:2051, *et seq.* – and the limitations thereof are specifically pled herein as if copied *in extenso.*

Ms. Arceneaux stated that after reviewing AIC's "claim file records[,]" LIGA was unable to find any claims filed by Plaintiff against AIC prior to October 23, 2022. She further stated that "the First Notice of Loss of any claim asserted against any policy of insurance issued by AIC in the State of Louisiana for damages

7

allegedly sustained to" Plaintiff's property as a result of Hurricanes Laura and Delta was received by LIGA on November 8, 2022, when it received a copy of Plaintiff's original petition. Ms. Arceneaux stated that this notice was received after the Order's "Claim Filing Deadline[.]"

LIGA is a sui generis, legislatively created "private nonprofit unincorporated legal entity[,]" whose purpose, in part, "is to provide for the payment of covered claims under certain insurance policies with a minimum delay and a minimum financial loss to claimants or policyholders due to the insolvency of an insurer[.]" La.R.S. 22:2056(A); La.R.S. 22:2052; *La. Ins. Guar. Ass'n v. Gegenheimer*, 93-3021 (La. 4/21/94), 636 So.2d 209. As a creation of the legislature, LIGA must operate "within [its] legislative parameters." *Id.* at 210. By authorizing the Liquidator "to coordinate the operation of the Receivership with [LIGA][,]" the trial court invoked the provisions of the LIGA Law.[4]

However, "LIGA is not the legal successor or 'statutory successor' of insolvent insurers[]" because an insurer that is declared insolvent by "a court of competent jurisdiction[,]" "effectively ceases to exist." Stephanie B. Laborde, James E. Moore, Jr. & Heather Landry, *The DEF's of LIGA: An Update to the ABC's of LIGA*, 77 La. L. Rev. 997, 1001 (2017).

> A new entity arises–the insurer in liquidation or receivership. This new entity, rather than LIGA, is the insolvent insurer's legal successor. LIGA does not encroach upon the rights and obligations of the insolvent insurer's liquidator or receiver, who remains the proper party to enforce these rights and obligations. LIGA remains a separate entity from the liquidator or receiver with an independent obligation to pay only certain covered claims in accordance with LIGA Law. These claims may often equate to the insolvent insurer's obligations, but unlike the liquidator or receiver, LIGA is responsible only for those claims that are defined by LIGA Law as "covered claims." The ultimate responsibility for the

---

[4] Louisiana Revised Statutes 22:2051 provides that "[t]his Part shall be known and may be cited as the Louisiana Insurance Guaranty Association Law." La.R.S. 22:2051–2070.

8

insolvent insurer's obligations lies with the liquidator or receiver, not with LIGA.

*Id.* at 1001–02 (footnotes omitted).

The LIGA Law defines a "covered claim" for the purposes of LIGA as:

An unpaid claim, including one for unearned premiums that arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Part applies issued by an insurer, if such insurer becomes an insolvent insurer after September 1, 1970, and the policy was issued by such insurer and any of the following:

(i) The claimant or insured is a resident of this state at the time of the insured event, provided that, for entities, the residence of a claimant or insured is the state in which its principal place of business is located at the time of the insured event.

(ii) The claimant is a self-insurer, including an arrangement or trust formed under R.S. 23:1191 et seq., and is principally domiciled in this state at the time of the insured event.

(iii) The claim is a first party claim for damage to property with a permanent location in this state.

La.R.S. 22:2055(6)(a).

However, La.R.S. 22:2055(6)(b)(x) provides that a "covered claim" does not include "[a]ny claim the payment of which exceeds the powers and duties of the association in R.S. 22:2058(A)(1) or is outside the scope of coverage in R.S. 22:2053(A)."[5]

While La.R.S. 22:2058(A) sets out the parameters of LIGA's powers and duties, including the payment of covered claims, it specifically provides that "[i]n no event" will LIGA:

[B]e obligated to pay a claimant an amount in excess of the obligation of the insolvent insurer under the policy or coverage from which the claim arises. Notwithstanding any other provision of this Part, a **"covered claim" shall not include a claim filed with the association**

---

[5] Louisiana Revised Statutes 22:2053(A) provides the types of insurance to which LIGA does not apply.

9

**after the earlier of five years after the date of the order of liquidation of the insolvent insurer or the final date set by the domiciliary court for the filing of claims against the liquidator or receiver of an insolvent insurer.**

La.R.S. 22:2058(A)(1)(c)(i) (emphasis added).

Based on the foregoing, LIGA argues that the issue under review is a claims-bar issue rather than a prescription issue and that the claims-bar deadline for Plaintiff's claim was no later than four months from June 23, 2022, which was October 23, 2022. It maintains that Plaintiff has not provided any evidence indicating that it received completed proof of her claims prior to the October 23, 2022 claims-bar deadline.

LIGA relies on *Rivet v. Huntington Ingalls Inc.*, No. 22-2584, 2022 WL 16529550, at *7–8 (E.D. La. October 28, 2022), which stated:

> [T]he Louisiana Supreme Court has held that a plaintiff's claim against LIGA vests at the time the insurer becomes insolvent rather than at the time the covered event occurred. *Prejean v. Dixie Lloyds Ins. Co.*, 660 So. 2d 836, 837 (La. 1995). Therefore, even though Plaintiff's claim against [the insurer] vested at the time of [injury], his claim against LIGA did not vest until [the insurer] was declared insolvent, and upon [the insurer's] insolvency, all provisions of the LIGA law became applicable to Plaintiff's claims against it, including the claim bar date.
>
> LIGA, as a statutorily created entity, is only liable for those claims provided by the LIGA law. This law makes it clear and unambiguous that LIGA is only responsible for covered claims as defined in §22:2058(A)(1)(c)(i). Because Plaintiff's claim against LIGA was not filed until after the claim bar date and is therefore not a covered claim, LIGA cannot be responsible for it.

*See also Triay v. Louisiana Insurance Guaranty Association*, 25-654, p. 1 (La.App. 1 Cir. 11/3/25), 2025 WL 3077794 (unpublished writ ruling), wherein the first circuit, citing *Rivet*, stated:

> A covered claim shall not include a claim filed with LIGA after the earlier of five years after the date of the order of liquidation of the insolvent insurer or the final date set by the domiciliary court for the filing of claims against the liquidator or receiver of an insolvent insurer.

10

La. R.S. 22:2058(A)(1)(c)(i). Summary judgment in favor of LIGA is proper when a plaintiff's claim was filed after the claim bar date. See **Rivet v. Huntington Ingalls Incorporated**, No. 22-2584, 2022 WL 16529550 (unpublished) (E.D. La. 10/28/22).

Pursuant to the district court's order of liquidation, all proof of claims against Lighthouse Excalibur Insurance were due on or before 4:30 p.m. on September 18, 2022. LIGA filed an affidavit attesting that no record of any claims were filed by plaintiff. Plaintiff failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

LIGA also relies on *Thompson v. Citizens National Insurance Co.*, 98-269 (La.App. 1 Cir. 2/19/99), 729 So.2d 709, *writ denied*, 99-795 (La. 4/30/99), 743 So.2d 208, which granted summary judgment in favor of Texas Property & Casualty Insurance Guarantee Association (TIGA), the Texas equivalent of LIGA, finding that the plaintiff's accident did not constitute a covered claim because it was not filed before the claims-bar deadline, and therefore, she could not recover from TIGA. Similar to *Thompson*, LIGA argues that because Plaintiff cannot establish that her claim was filed with the liquidator before the October 23, 2022 claims-bar deadline, the instant claim is not covered per the unambiguous language of La.R.S. 22:2058(A)(1)(c)(i).

As this is before us on a motion for summary judgment, we find that LIGA has established a lack of support for at least one element of Plaintiff's case, that her claims are covered claims under the LIGA Law. Thus, the burden shifts to Plaintiff to establish a material issue of fact or that LIGA is not entitled to judgment as a matter of law. La.Code Civ.P. art. 966(D)(1). Plaintiff cannot rest on the mere allegations contained in her pleadings but must respond by the introduction of affidavits or other allowed documentation setting "forth specific facts showing that there is a genuine issue for trial." La.Code Civ.P. art. 967(B).

11

In opposing Defendant's motion, Plaintiff argues that while La.R.S. 22:2058(A)(1)(c)(i) permits a domiciliary court to set a final date for the filing of claims against the liquidator or receiver of an insolvent insurer, it does not authorize the court to reduce the statutorily-fixed prescriptive period of two years established by La.R.S. 22:868(B). She argues that her claims did not prescribe until two years from the date of AIC's insolvency, June 23, 2022, which was when her right of action against LIGA arose. Therefore, Plaintiff argues that the trial court correctly rejected LIGA's argument for a four-month prescription period and denied its motion for summary judgment. We disagree with Plaintiff's argument, finding no legal support for its validity.

Nothing in the LIGA Law prohibits the insolvency court in its declaration of insolvency from setting a claims-bar deadline to a period of less than two years. The only restriction is that the claims-bar deadline can be no longer than five years from the date of insolvency. La.R.S. 22:2058(A)(1)(c)(i). Contrary to Plaintiff's argument, the commissioner of insurance, as liquidator, is required by the RLCA to set the claims-bar deadline four months from the date of insolvency or longer, if certified by the commissioner. La.R.S. 22:2027(A). As the commissioner did not certify an extended time from the date of insolvency, the claims-bar deadline was October 23, 2022, four months from the date of insolvency. Thus, the statutorily-fixed two-year prescriptive period in which Plaintiff had to file her claims was not reduced. Rather, the Order actually extended Plaintiff's filing deadline for her Hurricane Laura claim by nearly two months and her Hurricane Delta claim by fourteen days. The only change necessitated by the Order was the requirement that Plaintiff file proof of her claims with AIC's legal successor, the court-appointed receiver. Further, the express wording of La.R.S. 22:868 applies strictly to policies

12

of insurance written in Louisiana. LIGA is not an insurance company, and the laws applicable thereto are sui generis. *Gegenheimer*, 636 So.2d 209. Accordingly, Plaintiff's argument on this issue lacks merit.

Plaintiff also relies on *Bryan v. Louisiana Citizens Property Insurance Corp.*, 24-694 (La.App. 4 Cir. 3/11/25), 414 So.3d 768 ("*Bryan I*"), as she did in the lower court. In *Bryan I*, the plaintiffs suffered property damage after Hurricane Ida made landfall on August 29, 2021. On March 1, 2022, the plaintiffs' insurer made an unconditional tender to the plaintiffs after which it was declared insolvent on June 15, 2022. However, no claims-bar deadline was set in the order of liquidation for the insurer in question. The plaintiffs filed suit against the wrong insurer on August 28, 2023, and then amended their petition to add LIGA as a defendant on October 24, 2023. LIGA filed an exception of prescription, arguing that because the plaintiffs' petition named the wrong insurer, their amended petition did not relate back to the original petition. The trial court denied the exception. On appeal, the fourth circuit held that the prescriptive period for the plaintiffs to file their claims against LIGA was dictated by the terms of the insolvent insurer's policy. Based on La.R.S. 22:868(B) and the policy's requirement that all claims be filed within two years of the insured's loss, the date the insurer was declared insolvent, the court held that the plaintiffs had two years from the date of insolvency to file suit against LIGA.

Here, the trial court's decision to deny summary judgment was based, at least in part, on its reliance on the fourth circuit's decision in *Bryan I*, as argued by Plaintiffs. In its oral reasons for judgment, the trial court stated:

> I'm always conservative when it comes to motions for summary judgment. And I realize in issues like this, this would be great for a Court to rule on the alternate issue, but I - I am not comfortable. And I don't think that there's enough that explains to the Court that would indicate a summary judgment would be proper, that there are no

13

genuine issues of material fact or the *Bryan* case, which I understand the ultimate conclusion you don't want me to paint the entire case with the ultimate conclusion of the *Bryan* case. And I think there are some distinguishing facts, but it's enough that was produced in that case that allowed me to believe that that deadline does not prevent them from bringing that claim to LIGA. So for those reasons the Court is going to deny the motion for summary judgment, ruling again in the favor of the plaintiff.

However, during the pendency of this writ application, the Louisiana Supreme Court abrogated the fourth circuit's rationale in *Bryan I* altogether. *Bryan v. La. Citizens Prop. Ins. Corp.*, 25-443 (La. 3/6/26), 429 So.3d 249 ("*Bryan II*"). The supreme court affirmed the trial court's denial of LIGA's exception of prescription on entirely different grounds after acknowledging that the case did not involve a claims-bar deadline in the order of liquidation. Therein, the Supreme Court specifically noted the limitations on its holding in the case:

> We agree that an unconditional payment on a first-party insurance claim constitutes an acknowledgment under La. C.C. art. 3464 sufficient to interrupt prescription. Here, SFIC made an unconditional payment on March 1, 2022, in the amount of $23,097.55, thereby interrupting the two-year period set forth in the policy. Therefore, plaintiffs' amended petition, filed on October 24, 2023, is timely.

> Our holding is limited to unconditional payments—specifically, payments made without qualification, condition, or reservation of rights. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 18 (La. 5/15/01), 785 So.2d 779, 791.

*Id.* at 254.

We, thus, find *Bryan I's* rationale inapplicable to the case at hand where a claims-bar deadline was in fact set in the order of liquidation. Unlike the facts in *Bryan II*, the insolvency court in this instance set an October 23, 2022 claims-bar deadline for insureds to file claims against AIC in liquidation, and Plaintiff failed to file any completed proof of her claims with the receiver prior to that date.

14

Pursuant to the unambiguous language of La.R.S. 22:2058(A)(1)(c)(i), we find that the instant claims are not covered claims as they were filed after the Order's October 23, 2022 claims-bar deadline. The claims-bar deadline is not a prescriptive period. It is a peremptive period, and LIGA is not legally obligated to pay any claim filed with it after the claims-bar deadline. It is simply not a covered claim. In *Naghi v. Brener*, 08-2527, p. 1 (La. 6/26/09), 17 So.3d 919, 920, the supreme court stated that "[b]ecause nothing may interfere with the running of a peremptive period, we hold that an amended and supplemental petition adding a plaintiff cannot relate back to the original petition in this case[.]" There, the relation-back theory could not be applied to a legal malpractice case to interrupt the peremptive period for such claims.[6] The claims-bar deadline for LIGA is the equivalent of peremption.

Thus, the issue of prescription of the claim as against AIC, pre-liquidation, or as against LIGA, directly, is not reached until the claims-bar deadline has been met to create a covered claim for which LIGA is responsible. If it is not met, the claim is barred. To hold otherwise would render the LIGA Law's provision regarding the claims-bar deadline meaningless. We find that it is not. "Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning." *State v. Oliphant*, 12-1176, p. 5 (La. 3/19/13), 113 So.3d 165, 168. "'We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there[,]'" and "'judicial inquiry is complete[]'" "'[w]hen the words of a statute are

---

[6] The claims-bar deadline can also be analogized to the three-year period of repose in a medical malpractice claim under La.R.S. 9:5628(A), which requires a medical malpractice claim to be "filed at the latest within a period of three years from the date of the alleged act, omission, or neglect." *See In re Med. Rev. Panel Procs. of Don Singleton*, 24-415 (La. 6/19/24), 386 So.3d 306.

unambiguous[.]'" *State v. Lyles*, 19-203, p. 4 (La. 10/22/19), 286 So.3d 407, 410 (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149 (1992)).

In her original petition, Plaintiff alleged that "[f]ollowing both of the Hurricanes, [she] timely gave notice of and reported the covered damages and losses to [AIC] and properly submitted to [AIC] a claim for insurance proceeds owed under the Policy." In her affidavit, she stated that prior to filing suit against AIC, she "hired the law firm of McCLENNY MOSELY & ASSOCIATES, PLLC, to file a claim and suit for property damages sustained in 2020 and made issue in the above-titled suit."[7] She further stated, "In the Fall of 2022, an employee of McCLENNY MOSELY & ASSOCIATES, PLLC, confirmed to me over the telephone that a claim had been timely filed with" AIC.

Based on this evidence, we find that Plaintiff has failed to establish the existence of a genuine issue of material fact. Other than the mere allegations contained in her petition, Plaintiff has failed to present any evidence to establish that her claims were filed with AIC prior to the declaration of its insolvency. Furthermore, her statement regarding what she was told by an unknown employee of her former law firm is inadmissible hearsay. La.Code Evid. art. 801(C). Thus, that statement "may not be considered by the court in evaluating the motion for summary

---

[7] On February 17, 2023, the Louisiana Insurance Commissioner issued a cease and desist order against McClenny Mosely & Associates, PLLC and three of its lawyers, including Richard William Huye III, the lead attorney on Plaintiff's petition. The cease and desist order was based upon actions the Commissioner determined were unfair trade practices under the Louisiana Insurance Code. Thereafter, on March 3, 2023, the Louisiana Supreme Court issued an order suspending Mr. Huye from the practice of law on an interim basis over the firm's mishandling of its hurricane cases in the state. On March 4, 2023, Judge James D. Cain, Jr., a United State District Judge, issued an order suspending the firm, Mr. Huye, and five other lawyers with the firm from the practice of law in the Western District of Louisiana for ninety days based on their mishandling of the firm's hurricane cases.

judgment." *Gachassin v. U-Haul Co. of Ariz.*, 11-83, p. 5 (La.App. 3 Cir. 12/21/11), 82 So.3d 490, 494. We further find that Plaintiff has not produced any evidence establishing that the liquidator or LIGA was notified about her claims prior to October 23, 2022.

As LIGA has satisfied its burden of proof under La.Code Civ.P. art. 966(D)(1), and Plaintiff has presented no evidence establishing a genuine issue of material fact or that LIGA is not entitled to judgment as a matter of law, the trial court's denial of LIGA's motion for summary judgment is reversed and judgment granting the motion is rendered in its favor.

## DECREE

For the foregoing reasons, LIGA's application for supervisory writs is granted and made peremptory. The judgment of the trial court denying its motion for summary judgment is reversed, and judgment is rendered granting summary judgment in favor of LIGA, dismissing the claims against it with prejudice. The costs of this appeal are assessed to Beverly Blake.

**WRIT GRANTED AND MADE PEREMPTORY; REVERSED; AND RENDERED.**

17

BEVERLY BLAKE

VERSUS

AMERICAN INSURANCE COMPANY INC., ET AL.

***************

**ORTEGO, J., dissents and assigns written reasons**.

I respectfully disagree with the decision of my fellow panelists to grant Louisiana Insurance Guaranty Association's ("LIGA"), application for supervisory writs, making it peremptory by reversing the judgment of the trial court denying its motion for summary judgment, and rendering judgment granting summary judgment in favor of LIGA, dismissing the claims against it by plaintiff with prejudice.

Defendant-Relator, LIGA, seeks supervisory review of the trial court's denial of its summary judgment. The issue is whether the Plaintiff-Respondent, Beverly Blake ("Blake"), had covered claims under La.R.S. 22:2058(A)(1)(c)(i). For the following reasons, I would grant the writ, deny the relief, and affirm the trial court's ruling.

## ANALYSIS

LIGA's argument to the trial court, and to this court, was that it did not receive notice of Blake's claim until November 8, 2022, after the claims bar deadline of October 23, 2022, set forth in AIC's insolvency order. Blake responded by citing *Bryan v. Louisiana Citizens Property Insurance Corp.*, 24-694 (La.App. 4 Cir. 3/11/25), 414 So.3d 768 ("*Bryan I*").

In my opinion the latest supreme court case, *Bryan v. Louisiana Citizens Property Insurance Corporate, et al,* 25-433 (La. 3/6/26), 429 So.3d 249 ("*Bryan II*"), is right on point as to this critical issue. In *Bryan II*, the supreme court, on other grounds, affirmed the trial court decision denying the exception. However, it rejected the fourth circuit's holding that a new two-year prescriptive period against LIGA begins from the date of insolvency. *Bryan II* established that the deadline to file suit against LIGA is the same as the deadline to sue the insolvent insurer. Specifically, it clarified the law regarding suits against LIGA in a way that directly impacts this case and directs us to affirm the trial court's ruling denying LIGA's motion for summary judgment.

In *Bryan II*, the supreme court noted that LIGA was added after the policy's two-year prescriptive deadline. It was untimely as to LIGA, but only because the initial suit was against the wrong insurer. The supreme court states that the timely service on an *insolvent insurer* is to be considered a "covered claim" pursuant La.R.S. 22:2058(A)(1)(c)(i) as to LIGA, who was added later as a party defendant. Specifically, the supreme court states (page 4, footnote 4) (emphasis added):

> "As LIGA concedes, if the proper plaintiffs had **timely sued the insolvent carrier**, LIGA could be subsequently added, and the amendment would relate back and *interrupt prescription* against LIGA as of the date of its original filing."

Here, on June 23, 2022, the Nineteenth Judicial District Court declared AIC insolvent. On August 26, 2022, Blake filed suit against AIC seeking coverage under the policy, statutory penalties, and attorney fees. LIGA received a copy of the petition on November 8, 2022, all within 2 years of their original loss (both this AIC policy and La. R.S. 22:2058(B) provides for 2 years period from date of loss). Blake later amended her petition to add LIGA as a defendant. Blake timely sued the

2

insolvent insurer and later added LIGA. Therefore, and quite simply, plaintiffs' proper and timely service upon the original insolvent insurer, AIC, along with the addition of LIGA, relates back to her timely suit against the "insolvent carrier." Thus, pursuant to *Bryant II*, this timely service upon AIC must be considered by this court as a "covered claim" as to LIGA, and therefore not prescribed.

Additionally, after an insurer is declared insolvent, La. R.S. 22:2068(A) provides for a six-month stay of all proceedings pending in Louisiana in which the insolvent insurer is a party or is obligated to defend a party. This provision does not provide for suspension of prescription of potential, unfiled suits against an insolvent insurer, nor does it prohibit the filing of suit against LIGA or the insolvent insurer. On the contrary, the statute merely provides for a stay of all pending causes of action, preserving the rights of the insured of an insolvent insurer and LIGA in such action after an insurer is declared insolvent. *See:* Stephanie B. Laborde, Jame E. Moore & Heather Landry, *The DEF's of LIGA: AN UPDATE TO THE ABC'S OF LIGA*, 77 La. L. Rev. 997, 1014-15 (2017).

Finally, it is noted that LIGA abandoned this same theory/argument presented in this writ application in its *Bryant II* brief to the supreme court, stating:

> The main reason for the majority opinion's finding - its concerns about a "theoretical plaintiff" who waits until the eve of the anniversary of the date of loss to bring a claim against his or her insurance carrier and sues the carrier not knowing that the carrier was recently declared insolvent, and that LIGA had become the proper party-defendant - are allayed by the availability of a relation back theory per La. C.C.P. art. 1153 and *Ray v. Alexandria Mall, Through St. Paul Prop. & Liability Ins.*, 434 So.2d 1083 (La.1983), which the majority did not consider, but should have. Such relation back, however, would not have been available to the instant Bryan plaintiffs because they originally sued an entirely wrong party, LCPIC, and would not have satisfied the *Ray v. Alexandria Mall* relation back test.

3

In summary, LIGA's motion for summary judgment, and its sole assignment of error, is based on Blake not timely submitting a "covered claim" under La.R.S. 22:2508(A)(1)(c)(i).  However, *Bryan II* instructs that plaintiff's timely-filed suit against AIC is to be recognized as a timely "covered claim" against LIGA, upon the insolvency of AIC and LIGA being added as a defendant to this suit.

For the foregoing reasons, and in my view, LIGA's application for supervisory writs should be granted, the requested relief denied, and the judgment of the trial court denying the motion for summary judgment affirmed.